# United States District Court
### District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**Jonathan Sie Earley**<br>*aka Joe Wilson and Joe Bennie Wilson, Jr.* | **AMENDED:** JUDGMENT IN A CRIMINAL CASE<br>Case Number: 11-cr-87 (10) (MJD/JJK)<br>USM Number: 15716-041<br>Social Security Number: 8476<br>Date of Birth: 1962<br><br>Kevin DeVore<br>Defendant's Attorney |

**THE DEFENDANT:**

[X]  pleaded guilty to counts 2s and 42s of the Superseding Indictment.
[]   pleaded nolo contendere to counts(s) which was accepted by the court .
[]   was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1344 and 2 | Aided and Abetted Bank Fraud | 3/14/06 | 2s |
| 18:1028A and 2 | Aided and Abetted Aggravated Identity Theft | 3/14/06 | 42s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[]   The defendant has been found not guilty on counts(s) **.**
[]   Count(s)  (is)(are) dismissed on the motion of the United States.

A $200.00 special assessment for the Crime Victims Fund is required by statue to be paid immediately.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

| |
|---|
| August 13, 2012 |
| Date of Imposition of Judgment |
| |
| s/Michael J. Davis |
| Signature of Judge |
| |
| **MICHAEL J. DAVIS**, Chief United States District Judge |
| Name & Title of Judge |
| |
| September 9, 2013 |
| Date |

AO 245B (Rev. 10/11)  Sheet 2 - Imprisonment

| | |
|---|---|
| DEFENDANT: | JONATHAN SIE EARLEY |
| CASE NUMBER: | 11-CR-87 (10) (MJD/JJK) |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 18 months and 1 day. This term consists of 1 day on Count 2s and 18 months on Count 42s to be served consecutively. Defendant shall be credited for all time served.

[X]   The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed in the prison camp located in the Duluth, Minnesota. The defendant shall participate in the 500 hour drug and alcohol abuse program.

[]   The defendant is remanded to the custody of the United States Marshal.

[]   The defendant shall surrender to the United States Marshal for this district.
   [] at   on .
   [] as notified by the United States Marshal.

[X]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [X] on September 13, 2012 by noon. If the placement has not yet been made for the defendant, he shall report to the U.S. Marshal in Minneapolis, MN on September 13, 2012 by noon.
   [] as notified by the United States Marshal.
   [] as notified by the Probation or Pretrial Services Office

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

United States Marshal

By _____
Deputy United States Marshal

Page 2

AO 245B (Rev. 10/11) Sheet 3 - Supervised Release

DEFENDANT:       JONATHAN SIE EARLEY
CASE NUMBER:     11-CR-87 (10) (MJD/JJK)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years. This term consists of 5 years on Count 2s and 1 year on Count 42s to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 10/11)  Sheet 3A - Supervised Release

| | |
|---|---|
| DEFENDANT: | JONATHAN SIE EARLEY |
| CASE NUMBER: | 11-CR-87 (10) (MJD/JJK) |

# SPECIAL CONDITIONS OF SUPERVISION

a    The defendant shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages.

b    The defendant shall participate in a program for substance abuse as approved by the probation officer. That program may include testing and inpatient or outpatient treatment, counseling, or a support group. Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of treatment.

c    The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

d    The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

e    The defendant shall not hold employment with fiduciary responsibilities without prior approval from the probation officer.

f    If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, the defendant may be required to perform up to 20 hours of community service per week until employed. The defendant may also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

g    The defendant shall submit his person, residence, office, vehicle, or an area under the defendant's control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. The defendant shall warn any other residents or third parties that the premises and areas under the defendant's control may be subject to searches pursuant to this condition.

h    The defendant shall comply with all Immigration rules and regulations and, if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally.  Upon any reentry to the United States during the period of court-ordered supervision, the defendant shall report to the nearest U.S. Probation and Pretrial Services Office within 72 hours.

.

AO 245B (Rev. 10/11)  Sheet 5 - Criminal Monetary Penalties

DEFENDANT:         JONATHAN SIE EARLEY
CASE NUMBER:       11-CR-87 (10) (MJD/JJK)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $200.00    |      | $105,500    |

[] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | **Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Wells Fargo<br>608 South Second Avenue<br>Suite 485<br>Mac N 9303-040<br>Minneapolis, MN 55402 |  | $105,500.00 |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS: | $0.00 | $105,500.00 | 0.00% |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

[] Restitution amount ordered pursuant to plea agreement **$**.

[] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [X]  the interest requirement is waived for the [] fine [X] restitution.

   []  the interest requirement for the: [] fine  [] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:       JONATHAN SIE EARLEY
CASE NUMBER:   11-CR-87 (10) (MJD/JJK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   []   Lump sum payment of  $ due immediately, balance due

         [] not later than , or
         [] in accordance [] C, [] D, [] E, or  [] F below; or

B   []    Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C   []   Payment in equal   (e.g., weekly, monthly, quarterly)  installments of $ over a period of  (e.g. months or years),  to commence   (e.g. 30 or 60 days) after the date of this judgment; or

D   []   Payment in equal   (e.g., weekly, monthly, quarterly)  installments of $ over a period of  (e.g. months or years),  to commence   (e.g. 30 or 60 days ) after the release from imprisonment to a term of supervision; or

E   []   Payment during the term of supervised release will commence within  (e.g. 30 or 60 days ) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [X]  Special instructions regarding the payment of criminal monetary penalties: Over a period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR of a minimum of 50 percent of monthly earnings if working UNICOR. The defendant shall participate in the Inmate Financial Responsibility Program while incarcerated.
         Payments of not less than $50.00 per month are to be made over a period of 5 years commencing 30 days after release from confinement. Payments are to be mad payable to the Clerk, U.S. District Court, for disbursement to the victim(s).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X]   Joint and Several
      Defendant and Co-Defendant Names and  Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate: **The defendant shall pay $105,500.00 in restitution jointly and severaally with the following co-defendants and co-conspirators:** Julian Okeayainneh (11-cr-87-001 MJD/JJK), Charles Amankwah-Afuffo (11-cr-87-003 MJD/JJK), Fawsiyo Hassan Farah (11-cr-87-005 MJD/JJK), Olugbenga Temidago Adeniran (11-cr-87-009 MJD/JJK), Sundayga Dexter Roberts (11-cr-87-012) MJD/JJK), and  Okwuchukwu Emmanuel Jidoefor 11-cr-386-001 MJD)

[]   The defendant shall pay the cost of prosecution.
[]   The defendant shall pay the following court cost(s):
[]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution  principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7)penalties, and (8) costs, including costs of prosecution and court costs.